LUNSFORD v. SKELTON.

Opinion delivered October 19, 1925.

LANDLORD AND TENANT—ENFORCEMENT OF LIEN.—A tenant, in making a payment to his landlord, had a right to direct that a portion of the money be paid to discharge his notes given to his merchant for supplies, which the landlord had indorsed, and where the remainder was insufficient to discharge the landlord's lien, the landlord could enforce the same on the crop of a sub-tenant, who had not paid his rent.

Appeal from Craighead Circuit Court, Lake City District; *W. W. Bandy*, Judge; reversed.

*I. C. Spencer* and *Little, Buck & Lasley*, for appellant.

WOOD, J. J. E. Lunsford rented 110 acres of land in Craighead County, Arkansas, for the year 1923, to one Newt Starnes for $1,000. Newt Starnes sublet 36 acres of the land to his brother, Marshall Starnes, upon the same terms and conditions; that is, at the rate of $9.09 per acre. Marshall Starnes paid to Newt Starnes in rent the sum of $127.55. Marshall was selling and removing his crop without paying the balance of the rent that was due, amounting to about $200. Lunsford had indorsed notes to the Farmers' Bank & Trust Co., in Blytheville, Arkansas, for Newt Starnes in the sum of $350 to enable Newt to make his crop for the year 1923. Newt sent to Lunsford the sum of $1,000, including the $127.55 which he had obtained from Marshall for rents. At the time of making this payment of $1,000 Newt Starnes directed Lunsford to pay his notes at the bank and informed Lunsford that the $127.55 included in the $1,000 was rent money which Marshall had paid for the land cultivated by him. Certain cotton raised by Marshall Starnes on the land of Lunsford, rented by Marshall from Newt Starnes, was in the hands of the constable under an attachment and an execution which had been levied upon it by certain creditors of Marshall Starnes. Lunsford intervened in these actions, and alleged that Marshall Starnes was indebted to him in the

sum of $200 for balance of rent for the year 1923, and that he was entitled to a lien on the cotton for such rents. The undisputed testimony of Lunsford and of Newt Starnes was to the effect that Newt Starnes directed Lunsford to pay the notes out of the $1,000 which Newt Starnes sent to Lunsford and this Lunsford did. The total of these notes with interest amounted to $377.15, leaving the sum of $622.85 in the hands of Lunsford to be applied toward his rent.

Upon the above facts the trial court found that Marshall Starnes and Newt Starnes were not indebted to Lunsford for rent for the year 1923, and that Lunsford was not entitled to a lien on the cotton of Marshall Starnes in any sum for rent, and that Marshall Starnes was indebted to the appellees, mortgage and execution creditors, in the amount claimed by them, and rendered a judgment in their favor dismissing the claim of the intervener Lunsford. From that judgment is this appeal.

The court erred in its judgment. Newt Starnes, the debtor, when he paid the $1,000 to Lunsford, had the right to direct Lunsford to pay out of that sum the notes due by him to the bank, and Lunsford had the right to make such payment. There was no testimony in the record to the effect that the $1,000 paid by Newt Starnes was money derived from crops which he had grown on the land rented from Lunsford. Under the undisputed testimony the notes were given for money which the bank had advanced to Starnes upon the request of Lunsford and upon notes indorsed by him, and this was done to enable Newt Starnes to buy supplies to make his crop. The arrangement, in other words, was tantamount to an advance by Lunsford, the landlord, to his tenant, Starnes, of the amount of money evidenced by the notes to enable Starnes, the tenant, to make his crop. After deducting the amount of the notes, $377.15, from the $1,000 paid to Lunsford by Newt Starnes, and applying the balance to the payment of the rent due from Newt Starnes to Lunsford, there would still be a balance of rent due Lunsford. If this $1,000 were the proceeds of cotton raised on lands

of Lunsford, Lunsford's right under the circumstances would be superior to the rights of the mortagee and execution creditor, and he had the right to appropriate the $1,000 as the landlord to the payment of these notes which were, in effect, advances made by him for supplies. See § 6890, C. & M. Digest.

The undisputed testimony showed that Marshall Starnes had rented thirty-six acres of land from Newt Starnes at the same price per acre that Newt Starnes had rented from Lunsford. Marshall Starnes had paid $127.55 on his rent, and at the time he was selling and removing the cotton in controversy he owed a balance of more than $200 on his rent. Therefore, Lunsford as the landlord had a lien on this cotton superior to the mortgage and execution lien of the appellees. Sections 6889 and 6892, C. & M. Digest, and cases cited under those sections.

For the error in dismissing the intervention of the appellant Lunsford, the judgment is therefore reversed, and the cause remanded with directions to enter a judgment in appellant's favor for the balance due him as rental for the year 1923 and to direct that such amount be paid out of the proceeds of the sale of the crop of Marshall Starnes in the hands of the constable, and that the balance, if any, be paid to satisfy the judgment of the appellees.